UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SOLUTIONS ARCHITECTS LLC,

    Plaintiff,

v.

NORSTAN COMMUNICATIONS INC.,

    Defendant.

C20-1802 TSZ

MINUTE ORDER

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

(1)    Plaintiff Solutions Architects LLC's motion for partial summary judgment, docket no. 12, is DENIED. The Court notes that Plaintiff has not pleaded any claim for a declaratory judgment. *See* Compl. (docket no. 1-2); *see also* 28 U.S.C. § 2201 (providing that a federal court, "*upon the filing of an appropriate pleading*, may declare the rights and other legal relations of any interested party seeking such declaration"). Regardless, genuine issues of material fact preclude summary judgment. This is not a contract case in which "only one reasonable meaning can be ascribed to the agreement." *See GMAC v. Everett Chevrolet, Inc.*, 179 Wn. App. 126, 135, 317 P.3d 1074 (2014). The contract language at issue here, namely Article 2, Sections A & B of the parties' Subagent Agreement ("Agreement"), is ambiguous because "two or more meanings are reasonable," presenting a "question of fact." *Id.* On the one hand, the one-year Agreement automatically renews for "successive one (1) year terms," and specifies no method by which a party may exercise its right to allow the Agreement to naturally expire; moreover, a party may only terminate the Agreement "for cause," which is narrowly defined in the Agreement as (1) "any breach of the terms of this Agreement" or (2) "the commission of any crime," neither of which is present here. *See* Agreement, Ex. A to Jarrett Decl. (docket no. 12-1 at 12). This language tends to support Plaintiff's interpretation that Defendant might owe commissions to Plaintiff under the Agreement, either because the Agreement never naturally expired on November 9, 2020, or because

MINUTE ORDER - 1

Defendant improperly terminated the Agreement without cause.  On the other hand, Article B of the Agreement expressly states that "no commission will be due or owing from [Defendant] to [Plaintiff] after the date of termination *or expiration*," indicating that the parties contemplated the scenario in which the Agreement could expire, absent a party's for-cause termination, and despite the auto-renewal clause.  *Id.* (emphasis added).  This language tends to support Defendant's interpretation that it properly allowed the Agreement to expire on November 9, 2020, by providing Plaintiff with 30 days' notice, meaning Defendant does not owe any commissions to Plaintiff after that date.  The Court concludes that there are genuine issues of fact on whether the Agreement expired or was terminated and if so, whether and to what extent commissions would be due under the Agreement.  That is, the circumstances surrounding the making of the contract, and the subsequent acts and conduct of the parties, is "necessary to assist the [C]ourt in interpreting words and applying them to the actual events in order to ascertain and implement the intention of the parties."  *Berg v. Hudesman*, 115 Wn.2d 657, 671, 801 P.2d 222 (1990).

(2) Defendant's motion to strike, docket no. 15 at 3–4, certain statements in the declaration of Brandon Jarrett, docket no. 12-1, and Exhibits B and D attached thereto, is STRICKEN as moot.

(3) Defendant's motion for partial summary judgment, docket no. 15, on Plaintiff's claims for breach of contract, breach of the covenant of good faith and fair dealing, quantum meruit, and unjust enrichment is DENIED, as the contract language at issue is ambiguous, and genuine disputes of material fact otherwise preclude summary judgment.  The unopposed motion for summary judgment, docket no. 15, on the "suit on account" claim is GRANTED, and the claim is DISMISSED with prejudice.  *See* Pl.'s Response (docket no. 19 at 15).

(4) The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 15th day of July, 2021.

                                      Ravi Subramanian
                                      Clerk

                                      s/Gail Glass
                                      Deputy Clerk